BRISCOE, Circuit Judge,
concurring:
I write only to address the issue of refusal to instruct on second-degree murder. I would reach the same conclusion on the issue as the majority, but would reach that conclusion by a different route.
The state trial court concluded the evidence was insufficient to support the second-degree murder instruction. This decision by the state trial court is entitled to deference under the AEDP1A. See 28 U.S.C. § 2254(d)(1).
Mr. Willingham’s sole defense during the guilt phase of the trial was that, although he brutally assaulted Mrs. Van Wey with the intent of injuring her, he did not intend to kill her. That evidence is clearly overborne by the physical evidence of the severity of Mrs. Van Wey’s injuries. The first police officer to arrive at the *936 scene testified that although he knew Mrs. Van Wey, he did not recognize her because of the significant swelling and bruising of her face. Dr. Chai Choi, who performed the autopsy, gave vivid testimony concerning the severity of injuries to Mrs. Van We/s head and body.[1] The doctor concluded these injuries were caused by repeated and violent blows.
I would give the trial court’s decision the deference we are to give it under the AEDP1A and conclude in light of that deference that no reasonable jury could have found that, in light of the severity of Mrs. Van Wey’s injuries, Mr. Willingham did not intend to kill her.

. Dr. Choi testified that Mrs. Van Wey sustained the following injuries: (1) a bruise on the top of her head, which could only have been caused by "violent, hard contact,” (2) a bruise in the center of her skull above the eye socket, which again could only have been caused by violent contact, (3) a broken nose, (4) torn upper and lower lips, (5) a broken upper tooth, (6) bruises on her upper and lower gums, (7) a bruise and scratch above her left eyebrow, caused by some "forcible rubbing onto some object,” (8) a bruise on the left eye socket; (9) a bruise on the lower left side of her cheek, which showed "some pattern of something, doughnut shaped, double things, that kind of forced against, struck onto such a fashion — object” (i.e., an impression was left on her face from the object that struck her), (10) pinpoint hemorrhages underneath the skin across the bridge of her nose and in the eye sockets, indicating some type of compression to this region of her face (likely caused by placing a hand over her face), (11) at least four separate injuries to her brain, each of which could have been caused by some type of violent blow or contact, (12) a bruise on the inner part of her right thigh and leg, (13) a bruise on the inside of her left arm, (14) bruises on her mid-chest and breast area, (15) a bruise on the back of her right arm, and (16) a scratch and a tear with a bruise "just at the margin of the hymen,” likely caused by some type of strike. Tr. II at 7-27. Dr. Choi concluded that the injuries would have resulted in Mrs. Van Wey's “airwell fill[ing] with ... blood,” in turn causing her to "drown[ ] in her own blood.” Id. at 32. The doctor further opined that had she not drowned in her own blood, the injuries to her head likely would have been sufficient to kill her. Id. at 33.